IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-26-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM EARL HINTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court to further certain oral rulings made at the time of sentencing, held February 9, 2016, upon defendant's objection to the application of the advisory Sentencing Guideline's Career Offender enhancement, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. The basis for the court's oral ruling overruling defendant's objection is memorialized herein.

## BACKGROUND

On April 14, 2015, the grand jury returned a three-count indictment charging defendant with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts One and Three); and one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two). Defendant pleaded guilty to Count One of the indictment, with benefit of a written plea agreement.

Prior to sentencing, the United States Probation Office (the "Probation Office") prepared a Presentence Investigation Report ("PSR"), which calculated defendant's criminal history category as a level V and defendant's total offense level as a 29. The PSR calculated defendant's advisory Guidelines-range sentence as 151 to 188 months.

As relevant here, the PSR's total offense level calculation was reached through application of the Career Offender enhancement, U.S.S.G. § 4B1.1, which increased defendant's adjusted

offense level, before application of any reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, from 24 to 32. The enhancement was justified, said the Probation Office, because defendant previously had been convicted of two "crimes of violence." See generally U.S.S.G. § 4B1.2(a). Specifically, the Probation Office rested its calculation on defendant's April 2000 North Carolina conviction for robbery with a dangerous weapon and June 2010 North Carolina conviction for common law robbery. Defendant objected to the application of the Career Offender enhancement, arguing that he had not been convicted of two "crimes of violence." At sentencing, the court overruled defendant's objection and sentenced him to 188 months imprisonment. Counts Two and Three were dismissed, pursuant to the terms of the plea agreement.

**COURT'S DISCUSSION**

An adult defendant charged with certain federal offenses may be labeled a "career offender," and thus subject to increased punishment, so long as he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "Crime of violence" is defined in two ways. A crime may be one "of violence" where it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (the "use of force clause"). In addition, a crime is one "of violence" when it "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives," U.S.S.G. § 4B1.2(a)(2) (the "enumerated offenses"), as well as when it "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. (the "residual clause").

Defendant objects to application of the Career Offender enhancement because "common law robbery," says defendant, does not require the "use of force," § 4B1.2(a)(1), and is not one of the enumerated offenses in § 4B1.2(a)(2). In addition, defendant argues that, although common law

2

robbery previously was a "crime of violence" under the residual clause of § 4B1.2(a)(2) that characterization no longer applies in the wake of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015).[1] In Johnson, the Supreme Court held unconstitutional the identically-worded residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA").

A.  Use of Force

With respect to defendant's first contention, the court agrees that common law robbery is not a crime of violence under the "use of force" clause. "In determining whether a prior conviction triggers a sentence enhancement under the Sentencing Guidelines, [the court] approach[es] the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." United States v. Montes-Flores, 736 F.3d 357, 364 (4th Cir. 2013) (internal quotations omitted). "This categorical approach focuses on the elements of the prior offense rather than the conduct underlying the conviction." Id. (internal quotations omitted). In other words, the court determines whether even the most innocent conduct criminalized by the statute at issue would trigger application of the sentencing enhancement. See id.

Within this framework, the court must determine whether common law robbery has as an element the "use, attempted use, or threatened use of force against the person of another." Under North Carolina law, the statute criminalizing common law robbery provides: "Robbery as defined at common law, other than robbery with a firearm or other dangerous weapon . . . shall be punishable as a Class G felony." N.C. Gen. Stat. § 14–87.1. The North Carolina Supreme Court has defined "common law robbery" as "the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." State v. Harris, 360

---

[1] Defendant does not object that the North Carolina offense of robbery with a dangerous weapon qualifies as a "crime of violence."

N.C. 145, 154 (2005). Properly framed, then, the inquiry is whether the requirement that a robbery be accomplished by "violence or putting [the victim] in fear" categorically requires the use or a show of "force," as that term is defined by federal law.

Upon a review of the case law, it is apparent that it does not. In Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court held that the "use of force" clause applies only where the "physical force" used or threatened is "violent force," defined as "force capable of causing physical pain or injury to another person." Id. at 140. By contrast, the North Carolina Supreme Court has held that, for purposes of the crime of common law robbery, "the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property or property in his possession." State v. Sawyer, 224 N.C. 61, 65 (1944). Thus, although the definition of common law robbery calls for "violence," there is no requirement that the robbery be accomplished by "violent force" as that term has been defined as a matter of federal law.

B.  Residual Clause

Nevertheless, defendant's challenge to application of the residual clause is unavailing. The commentary to § 4B1.2 provides that "'[c]rime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2 n.1. "The crimes specified in Application Note 1 of the Commentary to § 4B1.2 serve as additional enumerated offenses, or 'example crimes,' to be considered when determining whether a prior conviction or an instant offense of conviction otherwise involves conduct that presents a serious potential risk of physical injury to another." United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012).

4

The advisory Guidelines's commentary is akin to an agency's interpretation of its own legislative rules. See United States v. Hood, 628 F.3d 669, 672–73 (4th Cir. 2010). Thus, the commentary "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). Although North Carolina's offense of common law robbery does not fall under the "use of force" clause, it categorically corresponds to the "generic" definition of the crime of "robbery," a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); see also id. § 4B1.2 n.1 (suggesting offenses enumerated in Application Note 1 may be considered crimes of violence under either § 4B1.2(a)(1) or (2)); United States v. Shell, 789 F.3d 335, 345 (4th Cir. 2015) (stating that crimes in the commentary must be "linked to a prong of the textual definition of crime of violence"); Mobley, 687 F.3d at 629.

The court first must define "robbery," for purposes of the commentary, in "the generic sense in which the term is . . . used in the criminal codes of most states." Taylor v. United States, 495 U.S. 575, 598 (1990); accord United States v. Peterson, 629 F.3d 432, 436 (4th Cir. 2011). Generally, "robbery" is defined as a "common-law felony" that requires a 1) trespassory 2) taking and 3) carrying away of the 4) personal property 5) of another 6) with intent to steal it, where 7) the property is taken from the person or presence of the other and 8) the taking is accomplished by means of force or putting in fear. See Wayne R. LaFave, Substantive Criminal Law § 20.3 (2d ed.). The majority of states, including North Carolina, adhere to this definition. See United States v. Lockley, 632 F.3d 1238, 1243 (11th Cir. 2011); United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2008); United States v. Becerril-Lopez, 541 F.3d 881, 890–91 (9th Cir. 2008).

5

In fact, only a small minority of states require more serious physical harm. See Lockley, 632 F.3d at 1243.

Under the prevailing, generic definition, North Carolina's crime of common law robbery categorically qualifies as the enumerated offense of "robbery." The "generic" definition of that term corresponds with the "common law" definition. See id. North Carolina law employs the common law definition of robbery, which requires the felonious taking of money or goods from the person of another, or in his presence, against his will, by violence or by putting him in fear. Harris, 360 N.C. at 154. Accordingly, where "robbery" is an enumerated offense under § 4B1.2, by virtue of the commentary thereto, defendant's prior conviction of common law robbery qualifies as a "crime of violence" for purposes of the Career Offender enhancement. See U.S.S.G. § 4B1.1.

Notwithstanding the above, defendant suggests that interpreting the residual clause to include the "generic" definition of robbery is improper in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Court held that the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," as used in the ACCA, 18 U.S.C. § 924(e), was unconstitutionally vague in violation of the Fifth Amendment. In particular, the Court reasoned that the residual clause was unconstitutional because it 1) "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements" and 2) "le[ft] uncertainty about how much risk it takes for a crime to qualify as a violent felony," through use of the phrase "serious potential risk." 135 S. Ct. at 2557–58. Because of those vague standards, the Court concluded that the ACCA's residual clause "both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557. Defendant argues that Johnson mandates the conclusion that the Career Offender enhancement's residual clause also is unconstitutionally vague,

6

given that courts rely on precedent interpreting the ACCA's residual clause and the Career Offender enhancement's residual clause "interchangeably." United States v. Clay, 627 F.3d 959, 965 (4th Cir. 2010).

The proper resolution of defendant's argument is a contentious legal issue. Compare United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015) (holding Career Offender's residual clause unconstitutionally vague in wake of Johnson), with United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015) (holding guidelines insulated from constitutional vagueness challenges). However, on the facts of this case, the court need not address defendant's argument. The court should not declare a statute unconstitutional when a limiting construction has been or could be placed on the challenged statute. Skilling v. United States, 561 U.S. 358, 405–06 (2010) ("We have accordingly instructed the federal courts to avoid constitutional difficulties by adopting a limiting interpretation if such a construction is fairly possible.") (internal alterations and quotations omitted). Thus, even assuming the advisory Guidelines properly may be challenged under the Fifth Amendment, the court need not address such a challenge here, where the commentary provides additional guidance in interpreting the residual clause. See U.S.S.G. § 4B1.2 n.1. Additional guidance was not available to the Court in Johnson, where the ACCA has no authoritative commentary. See 18 U.S.C. § 924(e). Other courts have implicitly endorsed this result. See Madrid, 805 F.3d at 1208.[2]

Defendant suggests, in the alternative, that the North Carolina crime of common law robbery has been interpreted too expansively and strays too far from the "generic" definition of robbery. Defendant directs the court's attention to State v. Hammonds, 28 N.C. App. 583 (1976), where the

---

[2] Although the Madrid court addressed the commentary's enumerated offenses without referencing the residual clause, such an analysis is inconsistent with circuit precedent, which requires the commentary be "linked to a prong of the textual definition of crime of violence." Shell, 789 F.3d at 345.

7

North Carolina Court of Appeals suggested that putting the victim "in fear" does not require the fear-inducing threat to be "immediate." See id. at 585. Defendant contends that the lack of an immediacy requirement renders the North Carolina offense of which he was convicted categorically inapposite to the "generic" definition of robbery. See LaFave, supra.

Defendant's argument does not sway the court's conclusion for two reasons. First, although no published Fourth Circuit case appears to exist on the subject, the Fifth Circuit previously has held that the North Carolina offense of common law robbery is categorically identical to generic "robbery," as that term is used in the commentary. See Santiesteban-Hernandez, 469 F.3d at 380.[3]

Second, and more importantly, the lack of an immediacy requirement does not insulate defendant's past criminal conduct from the reach of the Career Offender enhancement. To the contrary, without an imminence or immediacy requirement, robbery becomes extortion, see LaFave, supra, an offense also enumerated in the commentary. See U.S.S.G. § 4B1.2 n.1. The "generic" definition of extortion "include[s] acts by private individuals under which property is obtained by means of force, fear or threats." United States v. Nardello, 393 U.S. 286, 289 (1969). Thus, notwithstanding North Carolina's choice to label the elements of "generic" extortion as "common law robbery," see Taylor, 495 U.S. at 590–91, defendant's conviction, at a minimum, is categorically identical to the generic crime of extortion, as that term is defined for the purposes of the Career Offender enhancement's commentary. Accordingly, the enhancement properly is applied in this case.

---

[3] In United States v. Rodriguez, 711 F.3d 541 (5th Cir. 2013), the Fifth Circuit abrogated its holding in Santiesteban-Hernandez, formally repudiating the approach used to determine the elements of the "generic" offense at issue. See id. at 554. The modified approach adopted in Rodriguez would not change the result achieved in Santiesteban-Hernandez. See id. at 552 n.16 (noting "robbery" is a "common law" offense and defining that term as in LaFave, supra).

## CONCLUSION

Based on the foregoing, defendant's objection is OVERRULED.

SO ORDERED, this the 17th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge